Solomon-Cox v Expert Bldrs. 26, Inc. (2016 NY Slip Op 01044)





Solomon-Cox v Expert Bldrs. 26, Inc.


2016 NY Slip Op 01044


Decided on February 11, 2016


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2016

Sweeny, J.P., Renwick, Manzanet-Daniels, Kapnick, JJ.


193

[*1]Nancy Solomon-Cox, et al., 24195/14E Plaintiffs-Appellants,
v
Expert Builders 26, Inc., Defendant-Respondent, Edison L. Sanchez, Defendant.


Law Office of David A. Zelman, Brooklyn (David A. Zelman of counsel), for appellants.
Law Offices of Joseph A. Altman, P.C., Bronx (Joseph A. Altman of counsel), for respondent.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered January 20, 2015, which denied plaintiffs' motion for a preliminary injunction, "deem[ed]" defendant Expert Builders 26 Inc. the bona fide purchaser and owner of the subject premises, directed entry of a money judgment against plaintiffs for use and occupancy, and vacated all stays of the warrant of eviction, unanimously modified, on the law, to vacate so much of the order as deemed Expert Builders 26, Inc. the owner of the premises and directed entry of a money judgment for use and occupancy, and otherwise affirmed, without costs.
The court erred in resolving a factual issue in deciding plaintiffs' motion for a preliminary injunction (see Guggenheimer v Ginzburg , 43 NY2d 268, 272 [1977]). Before a court may treat a motion addressed to the pleadings as a summary judgment motion, it must give notice to the parties (id. ). Moreover, whether defendant was a bona fide purchaser of the subject property for value is an issue of fact that cannot be resolved on the pleadings. While defendant's president asserted in his affidavit that plaintiffs represented that they rented the subject premises, construed in a light most favorable to plaintiffs, the complaint and plaintiff's other submissions establish that plaintiffs held themselves out as the owners of the property.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 11, 2016
CLERK